UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-23936-CIV-XXXX

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Undetermined quantities of unauthorized electronic nicotine delivery system ("ENDS") products, not including products with 0% nicotine, labeled as:<br><br>Raz in various flavors;<br><br>HQD in various flavors;<br><br>Fume in various flavors;<br><br>excluding any ENDS product with a sole characterizing flavor of tobacco,<br><br>located at Calle 8 Petroleum LLC, d/b/a UGAS/Circle K, 7411 Southwest 8th Street, Miami, Florida, 33144,<br><br>Defendants. | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

Plaintiff, the United States of America, through its undersigned counsel, brings this claim against defendants as more particularly described below, and alleges as follows:

**JURISDICTION AND VENUE**

1.      This is a civil forfeiture action *in rem* brought pursuant to 21 U.S.C. § 334 to seize, condemn, and forfeit the defendants in this action (collectively, the "Defendant Articles"), which are unauthorized electronic nicotine delivery system ("ENDS") products located on the premises of Calle 8 Petroleum LLC, d/b/a UGAS/Circle K, 7411 Southwest 8th Street, Miami, Florida, 33144 ("UGAS/Circle K" or "the facility"), because they violate the Federal Food, Drug and Cosmetic Act ("the Act"), 21 U.S.C. §§ 301 – 399i.

1

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. § 334, which provides the Court with jurisdiction over seizures brought by the United States under the Act.

3. Venue is proper under 28 U.S.C. § 1395(b) and 21 U.S.C. § 334(a)(2) because the Defendant Articles are located in this District.

## PERSONS AND ENTITIES

4. Plaintiff in this action is the United States of America.

5. Defendants in this action (collectively, the "Defendant Articles") are unauthorized ENDS products located at the facility and consist of the products identified in the above caption.

6. Upon the filing of this Complaint, the United States requests that this Court issue an arrest warrant *in rem* pursuant to Rule G(3)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules"), which the United States will execute upon the Defendant Articles pursuant to Supplemental Rule G(3)(c).

## BASIS FOR FORFEITURE

7. UGAS/Circle K sells ENDS products.

8. During an inspection of the UGAS/Circle K facility on May 15, 2023, United States. Food and Drug Administration ("FDA") investigators observed that certain ENDS products being held and offered for sale by UGAS/Circle K lacked required FDA premarket authorization and were, thus, adulterated and misbranded under the Act.

9. On August 8, 2023, FDA sent UGAS/Circle K a Warning Letter explaining that "new tobacco products" generally must "have a [FDA] premarket authorization order in effect" in order "to be legally marketed in the United States." Therefore, "[a]ll new tobacco product on the market without the statutorily required premarket authorization are marketed unlawfully and are subject to enforcement action at FDA's discretion."

10.     The Warning Letter also informed UGAS/Circle K that it was unlawfully selling unauthorized ENDS products. The letter identified particular unauthorized ENDS products—Elfbar Pineapple Coconut Ice and Elfbar Rainbow Cloudz—and it also informed UGAS/Circle K that "[t]he violation indicated in this letter may not be a complete list of violations at the establishment." FDA directed UGAS/Circle K to a website with a list of products that had received marketing authorization orders.

11.     Finally, the Warning Letter emphasized that UGAS/Circle K "should take prompt action to address the violation" referenced in the Letter and reminded UGAS/Circle K that, because it sells and/or distributes ENDS products, UGAS/Circle K and its owners are required to comply with the laws and regulations that apply to ENDS products.

12.     In its September 11, 2023 response to the Warning Letter, UGAS/Circle K stated that it was no longer ordering Elfbar-brand products and that such products would be eliminated from the store once the existing inventory was sold. UGAS/Circle K did not describe any other corrective actions it intended to take—including for other ENDS products that may be unauthorized.

13.     FDA responded via letter on October 12, 2023, stating that such response was inadequate because it did not provide an adequate plan for correcting the listed violations and preventing future violations.

14.     On December 9, 2023, an FDA investigator observed ENDS products being held and offered for sale at UGAS/Circle K that lacked required FDA premarket authorization and were, thus, adulterated and misbranded under the Act.

15.     On May 13, 2024, FDA filed an Administrative Complaint for Civil Money Penalty with the Department of Health and Human Services, Civil Remedies Division against UGAS/Circle K. UGAS/Circle K submitted briefing in that CMP action admitting the allegations and only disputing the amount of the CMP due to mitigating circumstances. The CMP action remains open, pending an

expected settlement payment due on September 25, 2025.

16.     On August 12, 2025, an investigator from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") returned to UGAS/Circle K's facility and confirmed that UGAS/Circle K is still holding and offering for sale adulterated and misbranded tobacco products (*i.e.*, unauthorized ENDS products) to consumers in the United States. Specifically, the investigators purchased HQD Cuvie Glaze Fruity & Milky, HQD Glaze Black Ice, and Raz Fire & Ice, all of which are unauthorized ENDS products, and observed UGAS/Circle K held for sale the Defendant Articles.

The Defendant Articles Are Tobacco Products

17.     The Act defines "tobacco product" at 21 U.S.C. § 321(rr) to include "any product made or derived from tobacco, or containing nicotine from any source, that is intended for human consumption, including any component, part, or accessory of a tobacco product."

18.     A "tobacco product" within the meaning of 21 U.S.C. § 321(rr) is generally subject to the requirements in 21 U.S.C. Chapter 9, Subchapter IX. *See* 21 U.S.C. § 387a(b) (providing that such subchapter shall apply to "all cigarettes, cigarette tobacco, roll-your-own tobacco, and smokeless tobacco and to any other tobacco products that [FDA] by regulation deems to be subject to this subchapter"); 81 Fed. Reg. 28974, 28975 (May 10, 2016) (deeming all products meeting the definition of "tobacco product" in 21 U.S.C. § 321(rr), except accessories of such newly deemed products, to be subject to such subchapter).

19.     The Defendant Articles are ENDS products.

20.     ENDS products generally meet the definition of "tobacco product" at 21 U.S.C. § 321(rr) and include: "devices, components, and/or parts that deliver aerosolized e-liquid when inhaled." FDA, *Guidance for Industry: Enforcement Priorities for Electronic Nicotine Delivery Systems (ENDS) and Other Deemed Products on the Market Without Premarket Authorization* (Revised)* (Apr. 2020), at 9–10, https://go.usa.gov/xuvn5. *See also* 81 Fed. Reg. 28974, 29028 (May 10, 2016). E-liquids "are a type

of ENDS product and generally refer to liquid nicotine and nicotine-containing e-liquids (*i.e.,* liquid nicotine combined with colorings, flavorings, and/or other ingredients)." *Id.*

21.     The Defendant Articles are made or derived from tobacco, or contain nicotine from any source, and are intended for human consumption, and thus are "tobacco product[s]" within the meaning of 21 U.S.C. § 321(rr).

The Defendant Articles Are New Tobacco Products

22.     The Act defines "new tobacco product" at 21 U.S.C. § 387j(a)(1) to include "any tobacco product . . . that was not commercially marketed in the United States as of February 15, 2007."

23.     The Defendant Articles were not commercially marketed in the United States as of February 15, 2007, and thus are "new tobacco product[s]" within the meaning of 21 U.S.C. § 387j(a)(1).

Pathways to Market for New Tobacco Products

24.     Under 21 U.S.C. § 387j(a)(2), a manufacturer is required to obtain premarket review of new tobacco products and obtain FDA's marketing authorization.

25.     Depending on the tobacco product, a manufacturer may receive FDA marketing authorization through one of three pathways.

A.     First, the manufacturer may submit a premarket tobacco product application ("PMTA") under 21 U.S.C. § 387j. For a PMTA, FDA issues a marketing granted order ("MGO") permitting marketing of the new tobacco product upon finding, among other things, that the product is appropriate for the protection of the public health. *See* 21 U.S.C. § 387j(c).

B.     Second, a manufacturer may submit a substantial equivalence ("SE") report under 21 U.S.C. § 387j(a)(2)(A)(i). For an SE report, FDA issues an SE order permitting marketing of the new tobacco product under upon determining, among other things, that the product is substantially equivalent to a tobacco product commercially marketed in the U.S. as of February 15, 2007, or a tobacco product

marketed after that date but which FDA previously determined to be substantially equivalent. *See* 21 U.S.C. § 387e(j).

C.    Third, a manufacturer may submit an exemption request submitted under 21 C.F.R. § 1107.1 and a report under 21 U.S.C. § 387e(j)(1) ("abbreviated report"). FDA reviews those submissions and, upon an appropriate showing, may issue a "found-exempt" order. *See* 21 U.S.C. § 387e(j)(3)(A).

26.    A new tobacco product is required by 21 U.S.C. § 387j(a) to have premarket review, unless it has an SE order or found-exempt order in effect. *See* 21 U.S.C. § 387j(a)(2)(A).

27.    A new tobacco product that is required by 21 U.S.C. § 387j(a) to have premarket review and does not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i) is adulterated under 21 U.S.C. § 387b(6)(A).

28.    A new tobacco product for which a "notice or other information respecting it was not provided as required" under the SE or exemption pathway, including an SE report or an abbreviated report, is misbranded under 21 U.S.C. § 387c(a)(6).

<u>The Defendant Articles Are Adulterated and Misbranded</u>

29.    The Defendant Articles do not have an SE order or found-exempt order in effect, so they are required by 21 U.S.C. § 387j(a)(2)(A) to have premarket review.

30.    The Defendant Articles are adulterated under 21 U.S.C. § 387b(6)(A) because they are new tobacco products that are required by 21 U.S.C. § 387j(a) to have premarket review and do not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i).

31.    Furthermore, neither an SE report nor an abbreviated report has been submitted for any of the Defendant Articles. Accordingly, the Defendant Articles are misbranded under 21 U.S.C. § 387c(a)(6).

32.    By reason of the foregoing, the Defendant Articles are held illegally within the

jurisdiction of this Court and are subject to seizure, condemnation, and forfeiture pursuant to 21 U.S.C. § 334(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, the United States requests:

A.      the Court issue a Warrant for Arrest *In Rem* authorizing the United States Marshals Service for the Southern District of Florida or any other duly authorized official to seize and maintain the Defendant Articles during the pendency of this action;

B.      that notice be given to all interested parties to appear and show cause why the Defendant Articles should not be condemned and forfeited;

C.      that this Court decree the Defendant Articles condemned and forfeited to the United States for disposition according to law; and

D.      for such further relief as this Court may deem just and proper, together with costs and disbursement of this action.

DATED: September 2, 2025

JASON A. REDING QUIÑONES
United States Attorney

/s/ Carlos Raurell
Carlos Raurell
Assistant United States Attorney
Southern District of Florida

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SARMAD M. KHOJASTEH
Acting Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
Consumer Protection Branch

ROGER GURAL
Senior Trial Attorney
U.S. Department of Justice
450 5th Street, N.W.
Washington, DC 20044
Tel: 202-307-0174
roger.gural@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

ROBERT FOX FOSTER
Acting General Counsel
Chief Counsel for Foods, Research, and
Drugs
U.S. Department of Health and Human
Services

SEAN R. KEVENEY
Chief Counsel
Food and Drug Administration

SHANNON M. SINGLETON
Deputy Chief Counsel, Litigation

ELIZABETH A. NORFORD
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
White Oak 31
Silver Spring, MD 20993-0002

*Of Counsel*

8

**VERIFICATION**

I, Jill Atencio, verify and declare under penalty of perjury as follows:

I am a Deputy Director of the Office of Compliance and Enforcement in the Center for Tobacco Products at the U.S. Food and Drug Administration, United States Department of Health and Human Services, and state that I have read the forgoing Verified Complaint for Forfeiture *In Rem* in this action and that the contents it contains are true and correct to the best of my knowledge, information, and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States maintained in the ordinary course of business.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.


Dated:   August 29, 2025

JILL ATENCIO, J.D.
Deputy Director of the Office of Compliance and
Enforcement
Center for Tobacco Products
Food and Drug Administration
U.S. Department of Health and Human Services