**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**Undetermined quantities of unauthorized electronic nicotine delivery system ("ENDS") products, not including products with 0% nicotine, labeled as:**<br>**Raz in various flavors;**<br>**HQD in various flavors;**<br>**Fume in various flavors;**<br>**excluding any ENDS product with a sole characterizing flavor of tobacco,**<br>**located at Calle 8 Petroleum LLC, d/b/a UGAS/Circle K, 7411 Southwest 8th Street, Miami, Florida, 33144,**<br><br>Defendants. | Case No. 1:25-cv-23936-RS |

**DEFENDANT CALLE 8 PETROLEUM LLC D/B/A UGAS/CIRCLE K'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

This civil forfeiture action targets "undetermined quantities" of ENDS products seized from the UGAS/Circle K retail location at 7411 Southwest 8th Street, Miami, Florida, based on allegations that various branded products (Raz, HQD, Fume) lacked required FDA marketing authorization and are adulterated and misbranded under the FDCA . The Government moves for summary judgment relying principally on an FDA declarant's review of internal databases, an ATF undercover purchase with receipts and photographs, and prior FDA correspondence and an administrative CMP settlement . Summary judgment should be denied because genuine disputes of material fact remain and the Government's proffer contains evidentiary defects as to authentication, hearsay, foundation, chain of custody, and completeness. Moreover, key legal

premises regarding product status and authorization are contested and insufficiently supported at this stage.

## BACKGROUND

The Government filed the Verified Complaint in rem on September 2, 2025, and the Court issued a warrant for arrest of the articles the same day . The U.S. Marshals executed the seizure on September 10, 2025, taking approximately 156 HQD, 44 Raz, and 426 Fume products; the Marshal filed the process receipt and return on October 14, 2025 . UGAS/Circle K answered on October 31, 2025, which the Government construes as a claim . The Court entered a Scheduling Order setting dispositive motions for July 17, 2026, mediation by July 10, 2026, and trial for October 19, 2026 . Mediation logistics were addressed by motion practice and counsel communications in June 2026 . The Government filed its Statement of Material Facts on July 17, 2026, attaching, inter alia, the Ibarra-Pratt Declaration and exhibits including FDA warning correspondence, ATF's report and images, receipts, and a CMP settlement notice.

## SUMMARY-JUDGMENT STANDARD

Rule 56(a) authorizes summary judgment only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The Court must view the evidence and draw reasonable inferences in favor of the non-movant. Rule 56(a) authorizes summary judgment only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in that party's favor, and it may not weigh evidence or make credibility determinations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## RESPONSE TO THE GOVERNMENT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Denied in part; admitted in part. UGAS/Circle K is a Florida retail establishment at 7411 Southwest 8th Street . The assertion that it "receives and sells ENDS products" as a legal conclusion of tobacco-product status and interstate receipt is disputed for lack of admissible proof beyond hearsay summaries and unauthenticated images; Defendant objects for lack of foundation and authentication.

2. Denied in part; objected. FDA issued a Warning Letter after a May 15, 2023 inspection identifying Elfbar products as lacking premarket authorization . Defendant denies the asserted legal conclusion that all "certain ENDS products being held and offered for sale" were adulterated/misbranded; objects that the cited proof is agency correspondence, not admissible evidence of product composition, intended use, or authorization, and lacks SKU-specific substantiation.

3. Admitted that a Warning Letter issued; otherwise denied. On August 8, 2023, FDA sent UGAS/Circle K a Warning Letter warning of potential seizure or injunction . The characterization that UGAS/Circle K was "unlawfully selling unauthorized ENDS products" is a disputed legal conclusion.

4. Admitted as to existence and content of the response; legal effect denied. On September 11, 2023, store manager Hassaan Khan responded that the Elfbar inventory was legacy stock to be depleted and not replenished .

5. Admitted as to transmittal; disputed as to legal effect. On October 12, 2023, FDA replied that the response was "inadequate" and reiterated enforcement risk and a statement that retailers may not sell new tobacco products lacking authorization .

6. Admitted as to initiation and settlement of the CMP; denied as to preclusive effect.

On May 8, 2024, FDA filed a CMP alleging December 9, 2023 sales of unauthorized ENDS; the matter later settled with an acknowledgment form and payment, and the administrative docket was closed on September 23, 2025 . CTP filed a Notice of Settlement stating Respondent "acknowledged that the violations occurred" via an electronically submitted acknowledgment form . Defendant denies that this administrative settlement establishes, for Rule 56 purposes here, the composition or authorization status of the different products and SKUs later at issue, or admissibility against the seized articles.

7. Denied in part; objected. On August 12, 2025, ATF agents, acting undercover, purchased two HQD-branded devices and one RAZ-branded device, obtained receipts, and prepared a Report of Investigation summarizing Spanish-language conversations and referencing audio/video recordings . Defendant objects that the ATF report is hearsay, lacks a certified translation, and offers incomplete summaries relative to the referenced recordings; further objects to lack of chain-of-custody foundation and completeness.

8. Admitted. The United States filed the forfeiture complaint on September 2, 2025 .

9. Admitted. The Court issued a warrant for arrest of the articles on September 2, 2025 .

10. Denied in part for lack of admissible proof of counts; otherwise acknowledged that a seizure occurred. On September 10, 2025, the Marshals seized articles identified generally as HQD, Raz, and Fume; the Government asserts approximate counts . Defendant objects that the record cited does not authenticate inventory counts, SKU identity, or nicotine content at seizure.

11. Admitted. The Marshal filed a process receipt and return on October 14, 2025 .

12. Admitted. UGAS/Circle K filed an Answer on October 31, 2025 .

13. Denied. The proposition that the "Defendant Articles are tobacco products" because they are "made or derived from tobacco, or contain nicotine from any source," relies on hearsay packaging photos and an FDA declarant's database searches, not admissible laboratory or

custodian records. The Government cites the Ibarra-Pratt Declaration and Exhibit A-7 photos to assert nicotine content and intended use . Defendant objects for lack of testing, lack of authentication of the packaging, and absence of a proper foundation linking the images to the seized inventory.

14. Denied. The assertion that the articles were not commercially marketed as of February 15, 2007 is supported solely by an FDA declarant's statement referencing a public database and internal searches . This is insufficient at summary judgment without admissible records specific to the SKUs at issue.

15. Denied. The claim that no SE or found-exempt order exists for the Defendant Articles rests entirely on internal database searches summarized by the declarant . Defendant objects for lack of proper records custodian certification and completeness of searches.

16. Denied. The Government asserts there is no MGO for the Defendant Articles under § 387j(c)(1)(A)(i) based on internal database searches . Defendant objects that the summary lacks attached certified business records or a Rule-compliant affidavit establishing the reliability, scope, and completeness of those databases.

17. Denied. The assertion that neither an SE report nor an abbreviated report has been submitted for the Defendant Articles derives from the same internal database review . Defendant objects on the same evidentiary grounds.

18. Denied in part; objected. The Government claims notice by publication on forfeiture.gov beginning September 26, 2025, citing a declaration of Roger Gural and an exhibit . Defendant objects to the absence of the referenced Exhibit B-1 in this submission and reserves any defenses under Rule G(4).

19. Denied in part; objected. The Government relies on packaging assertions to infer out-of-state origin and interstate commerce, citing photos that include "Made in China" and

manufacturer addresses . Defendant objects that the images are unauthenticated, not tied to the seized inventory, and do not establish the supply chain or movement in interstate commerce of the specific seized SKUs.

**ARGUMENT**

I. The Government has not carried its initial Rule 56 burden.

A. The record fails to establish, with admissible evidence, that the seized articles are "tobacco products."

The Government relies on photographs and labeling to claim nicotine content and intended human consumption without laboratory testing, expert foundation, or authentication. The Ibarra-Pratt Declaration cites Exhibit A-7 photos and states CTP "reviewed the product labels and determined that the purchased products contained nicotine" . Labels are out-of-court statements offered for their truth and, absent a hearsay exception, cannot substitute for testing or properly authenticated business records. The ATF report likewise summarizes purchases without admissible proof that the items photographed are the same items seized weeks later or that all seized SKUs share the same properties. ATF's report references Spanish-language recordings and provides partial summaries, not the recordings themselves or certified translations .

B. The Government's "new tobacco product" showing is deficient.

The Government must connect each SKU to its marketing history and any grandfathering or substantial-equivalence status. Its reliance on a declarant's review of internal databases, without attaching the underlying records or explaining system completeness and query parameters, is inadequate at summary judgment. The declaration states the Defendant Articles do not appear in FDA's pre-existing database and asserts no SE or found-exempt orders exist, based on searches for "HQD," "Raz," and "Fume" across CTP Search, PMS, and Rhapsody, returning no "marketing authorization orders" . This does not establish the absence of SE submissions,

exemptions, or pending applications for the specific SKUs purchased or seized.

C. The Government has not proven lack of authorization orders across all relevant pathways.

The Ibarra-Pratt Declaration offers conclusions about the absence of PMTAs/MGOs, SE, or exemptions but provides no custodian certification of records, no database printouts, no definitions of fields searched, and no identification of SKU-level identifiers used. Paragraphs 19–20 of the declaration summarize negative search results across three internal systems and conclude no MGO or SE filings exist for the "Defendant Articles". Such negative-inference summaries, without underlying admissible records, do not eliminate genuine disputes for trial.

II. <u>Genuine disputes of material fact preclude summary judgment</u>.

A. Product identification, composition, and intended use.

The Government's case hinges on whether the seized items are tobacco products containing nicotine intended for human consumption. Receipts generically itemizing "VAPE E-CIG" and "RAZ FIRE ICE" do not establish nicotine content or that the purchased items match the seized inventory. The receipts list one "RAZ FIRE ICE" at $24.99 and one "VAPE E-CIG" at $35.99 with timestamps 1:06:36 PM and 1:04:10 PM on 8/12/25 . Without testing or admissible authentication of labels and photos, factual disputes remain.

B. Chain of custody and authentication.

The Government has not established a continuous, documented chain between ATF's retail purchases, later seizure of hundreds of items, and the exhibits submitted. ATF reports that products were "subsequently transferred to the ATF Miami HIDTA South office and packaged for evidentiary purposes" and that recordings exist for "additional details," but provides neither chain-of-custody forms nor the referenced recordings . Exhibit A-7 includes images of an evidence bag and various packaging photos, but lacks authentication tying those images to the seized inventory and to the specific receipts .

C. Completeness and accuracy of summaries.

The ATF report concedes it is a non-exhaustive summary of Spanish-language recordings. The report states the summaries "do not include references to all of the topics covered" and that conversations were in Spanish, with UC Halley reviewing recordings to complete the report . The best evidence—the recordings and accurate translations—are absent, creating Rule 106 completeness and hearsay issues.

D. Scope and content of prior FDA actions.

The Government's reliance on a 2023 Warning Letter about Elfbar and a 2024 CMP concerning EB Design flavors does not resolve whether the 2025 HQD, Raz, and Fume SKUs seized here lacked authorization or were misbranded/adulterated. The Warning Letter identified Elfbar Pineapple Coconut Ice and Elfbar Rainbow Cloudz as the observed products on May 15, 2023 . The CMP complaint alleged EB Design Strawberry Watermelon and Strawberry Ice were observed on December 9, 2023 . These are distinct brands/SKUs from the 2025 ATF purchases and the later seizure, leaving material fact disputes.

III. <u>Evidentiary objections</u>

A. Ibarra-Pratt Declaration: hearsay within hearsay; lack of foundation; business-records exception not established.

The declaration recounts internal database results and third-party agency materials. The Government has not provided Rule-compliant certifications for the databases or attached records. To the extent it references ATF materials, those are themselves hearsay and require independent authentication.

B. ATF Report of Investigation: hearsay; lack of translation; foundation; completeness.

The ROI is an out-of-court statement offered for the truth. The Government has not proffered the recordings or certified translations. Its use should be limited or excluded for summary-judgment

purposes.

C. Photographs and packaging: authentication; hearsay; relevance.

The Government has not provided an authenticating witness with personal knowledge that the photographs accurately depict the purchased or seized items, when, by whom, and under what chain of custody they were taken.

D. Receipts: authentication; ambiguity.

The receipts are generic and do not itemize SKU identifiers, nicotine content, or brand details for "VAPE E-CIG." Their probative value on composition and authorization is limited.

IV. The Government's legal theories require strict proof not satisfied on this record.

Civil forfeiture premised on FDCA misbranding/adulteration requires proof that the specific "article" is a "tobacco product," is "new," and lacks required authorization or notices. On this record, the Government's showing is conclusory and contested, particularly as to SKU-specific status, composition, and the absence of authorizations or filings. Civil forfeiture premised on FDCA misbranding/adulteration requires proof that the specific "article" is a "tobacco product," is "new," and lacks required authorization or notices. On this record, the Government's showing is conclusory and contested, particularly as to SKU-specific status, composition, and the absence of authorizations or filings. *See* United States v. 789 Cases of Latex Surgeons' Gloves, 799 F. Supp. 1275, 1285 (D.P.R. 1992); 21 U.S.C. §§ 334(a)(1), 387b–387c, 387j.

V. Rule 56(d) relief is warranted.

If the Court finds the Government's motion otherwise colorable, it should defer ruling to allow limited discovery on: laboratory testing of seized SKUs; chain-of-custody documentation; production of FDA records regarding PMTA/MGO, SE, and exemptions; custodians for CTP databases; and depositions of ATF agents and the FDA declarant. Defense counsel has prepared a Rule 56(d) affidavit identifying the needed discovery, including testing, FDA record

production, depositions, and chain-of-custody .

**RELIEF REQUESTED**

For the foregoing reasons, Defendant respectfully requests that the Court deny the Government's motion for summary judgment in its entirety. Alternatively, the Court should defer or deny the motion under Rule 56(d) to permit targeted discovery, and grant such other and further relief as is just and proper.

DATED: July 27, 2026

/s/ Christine M. Humphrey
Christine M. Humphrey, Esq.
Florida Bar No. 0845221
C HUMPHREY & ASSOCIATES PA
601 Brickell Key Drive, Suite 700
Miami, Florida 33131
Tel: 786.474.9366
chumphrey@chpalaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **July 27, 2026**, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Christine M. Humphrey
Christine M. Humphrey, Esq.
Florida Bar No. 0845221
C HUMPHREY & ASSOCIATES PA
601 Brickell Key Drive, Suite 700
Miami, Florida 33131
Tel: 786.474.9366
chumphrey@chpalaw.com
cmh@chpalaw.com